

SIGNED THIS 2nd day of May, 2022

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CHRISTOPHER TODD JOHNSON<br>    Debtor. | Case No. 15-70541 |
| CHRISTOPHER TODD JOHNSON, | |
| Plaintiff, | Adversary Proceeding<br>No. 21-07009 |
| v. | |
| UNITED STATES OF AMERICA<br>DEPARTMENT OF THE TREASURY<br>INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## MEMORANDUM OPINION

Before the Court are cross motions for summary judgment filed by the United States on behalf of the Internal Revenue Service (the "IRS") and by Christopher Todd Johnson (the "Debtor").  ECF 20–21, 22.  Each party filed corresponding Responses and Replies.  For the reasons stated below, the Court will deny the Debtor's Motion for Summary Judgment and grant the IRS' Motion for Summary Judgment.  The Debtor's 2005 and 2006 tax debts are non-dischargeable.

**FACTUAL BACKGROUND**

The material facts of this case are not disputed. The Debtor filed his Chapter 13 bankruptcy petition on April 22, 2015 and noted significant tax liabilities in his Schedules. ECF 1, 10.[1] On May 11, 2015, the IRS filed a proof of claim listing tax liabilities from 2004 to 2014. ECF Claim 4-1. The IRS later filed an amended proof of claim on July 15, 2015 reducing the Debtor's tax liabilities. ECF Claim 4-2. Critically, the IRS assessed the Debtor's tax liabilities for 2005 and 2006 pursuant to 26 U.S.C. § 6020(b) on June 22, 2009 after the Debtor failed to file a tax return for those years. AP ECF 21, Exhibit 2, at 4 ¶¶ 3–4.[2] The Debtor did not file a tax return with the IRS for tax years 2005 and 2006 until March 23, 2010. AP ECF 21, Exhibit 2, at 5 ¶¶ 11–12.

The Debtor's tenure in Chapter 13 has been tumultuous, involving complicated issues pertaining to domestic relations and tax matters. The Debtor filed an amended Chapter 13 plan on May 18, 2020 with a nonstandard provision titled "Special Treatment of Federal Tax Obligations." ECF 151. The Special Treatment of Federal Tax Obligations provision stated that, "[u]pon certification by the Debtor that he has made arrangements to resolve all outstanding tax liabilities, the Court will enter an order discharging the Debtor from all debts subject to discharge under the terms of the Debtor's previously-confirmed chapter 13 plans." ECF 151.

Prior to confirmation, the Debtor, by counsel, filed a Special Notice regarding the Debtor's tax liabilities. ECF 167. In the Special Notice, the Debtor noted that the IRS would not negotiate a payment arrangement for post-petition tax liabilities during the pendency of his case. ECF 167. The Debtor stated he was not seeking a discharge of any post-petition tax liabilities, but would ask the Court to enter an order of discharge for "all of his pre-petition debts that are

---

[1] Citations to "ECF" refer to the Debtor's primary bankruptcy case, No. 15-70541 (Bankr. W.D. Va.).
[2] Citations to "AP ECF" refer to the Adversary Proceeding, No. 21-07009 (Bankr. W.D. Va.).

2

subject to discharge . . . ." ECF 167.  The Debtor served the Special Notice on Linda Lorello, a Bankruptcy Specialist for the IRS, by first-class mail.  ECF 167.  The Court confirmed the Debtor's amended Chapter 13 plan on October 2, 2020 and entered an order of discharge on November 18, 2020.  ECF 169, 177.  After the Court entered the discharge order, the IRS began collection activities on the Debtor's 2005 and 2006 tax liabilities including interest owed.  AP ECF 11.

Thereafter, the Debtor filed a Complaint in this Court commencing an Adversary Proceeding on June 24, 2021, and the IRS filed an Answer on September 3, 2021.  AP ECF 1, 11.  In his Complaint, the Debtor sought two forms of relief from the Court: (1) a declaratory judgment that the Debtor's 2005 and 2006 tax liabilities were discharged on November 18, 2020; and (2) an injunction requiring the IRS to cease all collection activities with respect to the 2005 and 2006 tax liabilities.  AP ECF 1.  The parties filed their cross motions for summary judgment on March 15, 2022.  AP ECF 20–21, 22.  The parties also filed corresponding Responses and Replies in March and April of 2022.  The Court held a hearing on April 20, 2022 at which the parties appeared and gave oral argument.  At the conclusion of the hearing, the Court took the matter under advisement.  The matter is now fully briefed, argued, and ripe for disposition.

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

# DISCUSSION

I. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56, applicable in adversary proceedings through Federal Rule of Bankruptcy Procedure 7056, states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citing *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).[3]

II. <u>The Debtor's 2005 and 2006 Tax Liabilities are Non-Dischargeable because the IRS Assessed Liability Under Section 6020(b).</u>

A Chapter 13 debtor who completes all scheduled plan payments is generally granted a discharge of all debts provided for by the plan. 11 U.S.C. § 1328(a). Debts under 11 U.S.C. Section 523(a)(1)(B), however, are excepted from discharge. *Id.* § 1328(a)(2). Under Section 523(a)(1)(B)(i), a debtor cannot discharge "debt— for a tax . . . with respect to which a return, or equivalent report or notice, if required— was not filed or given." *Id.* § 523(a)(1)(B)(i). This case centers on whether the Debtor filed a "return."

    a. **Pre-BAPCPA Law and BAPCPA Amendments**

Prior to 2005, neither the Internal Revenue Code nor the Bankruptcy Code defined "return." *In re Moroney*, 352 F.3d 902, 905 (4th Cir. 2003). The circuit courts considering the

---

[3] The Debtor and IRS dispute only one fact in this case, whether or not the IRS advised the Debtor on a 2020 phone call that the Debtor's 2005 and 2006 tax liabilities were non-dischargeable. *Compare* AP ECF 21 at 7, n.5 *with* AP ECF 24 at 3, n.1. As discussed below, this fact is not relevant to the determination of whether the Debtor's tax liabilities are non-dischargeable under Section 523(a). The parties, therefore, have no disputes of material fact and the Court may property decide this as a matter of law.

4

issue, following Supreme Court precedent, determined whether a document was a "return" under a four-factor test. *See Beard v. Commissioner*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986) (approving considerations described in *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934)). To qualify as a return under this test, a document must: "(1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws." *In re Moroney*, 352 F.3d at 905. This test was used to define "return" under both bankruptcy and tax laws. *See id.*

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). 119 Stat. 23, Pub. L. No. 109-8 (2005). Through BAPCPA, Congress amended Section 523(a) to now include a definition for "return" under bankruptcy laws. *See* 11 U.S.C. § 523(a). Commonly cited as Section 523(a)(*), the new "hanging" paragraph defines "return" as:

> a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, . . . but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986 . . . .

*Id.* § 523(a)(*). Parsing each sentence, the first sentence of Section 523(a)(*) demands that a "return" satisfy requirements of applicable nonbankruptcy law including the applicable filing requirements. *Id.*[4] Next, the second sentence of Section 523(a)(*) includes within the definition of "return" those returns prepared by the IRS under 26 U.S.C. Section 6020(a), but excludes those prepared under 26 U.S.C. Section 6020(b). *Id.*[5] While circuits have split on the

---

[4] "Applicable filing requirements" generally includes filing the returns when they are due. Once the IRS makes an assessment under 26 U.S.C. Section 6020(b), they are not considered "returns" at all.
[5] Section 6020(a) permits the IRS, at its own discretion, to prepare a tax return with the cooperation of the individual to be signed by the individual. 26 U.S.C. § 6020(a). In contrast, under Section 6020(b), the IRS prepares a return

5

interpretation of Section 523(a)(*)'s first sentence, this Court need only consider the second sentence to decide the case at hand.

> b. **The Debtor's 2005 and 2006 Tax Liabilities are Non-Dischargeable because the IRS Assessed Liability Under Section 6020(b).**

As discussed above, Section 523(a)(1)(B)(i) excepts from discharge debts for taxes in which a return is required but not filed. 11 U.S.C. § 523(a)(1)(B)(i). Section 523(a)'s hanging paragraph defines "return" and therefore a debtor who fails to file a "return" as defined in Section 523(a)(*) will have his tax liability deemed non-dischargeable in bankruptcy.

"As with any question of statutory interpretation, [the] analysis begins with the plain language of the statute." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)). Section 523(a)(*) defines "return" as:

> a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code . . . but does not include a return made pursuant to section 6020(b) . . . .

11 U.S.C. § 523(a)(*). No ambiguity exists in Section 523(a)(*)'s second sentence. According to the plain language, returns prepared by the IRS under Section 6020(a) are "returns" while those prepared under Section 6020(b) are not. *Id.*[6]

Under Section 523(a)(*), the Debtor's tax debt here is unquestionably non-dischargeable. The IRS assessed the Debtor's 2005 and 2006 tax liability under Section 6020(b) and Section 523(a)(*) clearly defines "return" to exclude returns made by the IRS under Section 6020(b). The Debtor, therefore, did not file a "return" in either 2005 or 2006 and the IRS' assessment of

---

from an estimation of the individual's tax liability and imposes these taxes as an assessment when the individual has failed to file a return. *Id.* § 6020(b).

[6] While the Fourth Circuit previously rejected a proposed rule that no post-assessment filings can be considered "returns" for purposes of Section 523(a)(1)(B)(i), *In re Moroney*, 352 F.3d at 907, this ruling predated the passage of BAPCPA and only considered the proposal under the *Beard* factors. After the amendment of Section 523(a) to define "return," this Court believes this portion of *In re Moroney* is statutorily overruled such that all liabilities assessed under Section 6020(b) are non-dischargeable.

those tax liabilities under Section 6020(b) precludes the Debtor from receiving a discharge as to these debts. Furthermore, although the Debtor argues that the IRS did not object to the Special Notice served on the agency, the Special Notice only requested that the Court enter an "order of discharge for all of [the Debtor's] pre-petition debts that *are subject to discharge* . . . ." ECF 167 (emphasis added). The Debtor's 2005 and 2006 tax debts are not subject to discharge and the IRS' decision to stay silent therefore has no effect on their dischargeability.[7]

The Court's analysis need not proceed further as the Debtor's tax debts will be deemed non-dischargeable under the one-day-late rule or any other interpretation of Section 523(a)(*)'s first sentence.

## Conclusion

For all of the above stated reasons, the Debtor's Motion for Summary Judgment is denied and the IRS' Motion for Summary Judgment is granted.[8] A separate Order will follow.

---

[7] The Court also notes that this dispute would likely have been resolved well in advance of this discussion had the IRS, at an early point in the Debtor's bankruptcy, raised its hand to inform the Debtor and his counsel that it deemed the 2005 and 2006 tax liabilities non-dischargeable. While the IRS may not have had a legal obligation to do so, communication on this matter would have served all parties well.

[8] At oral argument, counsel for the Debtor requested that, should the Court find the Debtor's 2005 and 2006 tax debts non-dischargeable, the Court direct payments made under the Debtor's Chapter 13 plan towards those liabilities. The Debtor, however, did not request this relief in his Complaint or Motion for Summary Judgment. The Court, therefore, will not rule on whether it has the power to grant this relief in an adversary proceeding and deny the relief requested at oral argument.